Filed 7/24/15  P. v. Almendarez CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　v.<br><br>FRANKLIN ALMENDAREZ,<br><br>　　Defendant and Appellant. | D066996<br><br><br><br>(Super. Ct. No. SCD257204) |

APPEAL from a judgment of the Superior Court of San Diego County, Kenneth K. So, Judge.  Reversed and remanded with instructions.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Jennifer B. Truong, Deputy Attorneys General, for Plaintiff and Respondent.

## STATEMENT OF THE CASE

On July 15, 2014, the San Diego County District Attorney filed a complaint charging defendant Franklin Almendarez with two counts of committing a lewd and lascivious act on a child under the age of 14 (Pen. Code, § 288, subd. (a);[1] counts 1 and 2), and two counts of unlawful sexual intercourse with a minor more than three years younger than defendant (§ 261.5, subd. (c); counts 3 and 4).

Defendant pleaded guilty to count 3. The remaining charges were dismissed.

On November 6, 2014, the trial court placed defendant on three years of formal probation and required he serve 365 days in the county jail. As a condition of probation, defendant was ordered to register as a sex offender pursuant to section 290.

Defendant filed a timely notice of appeal.

## FACTUAL BACKGROUND

The facts underlying defendant's charges have been set forth by both defendant and the People. They are set forth in defendant's change of plea form. Briefly, defendant, who was 19 years old at the time of the offense, admitted meeting 11-year-old Andrea R. with whom he twice had consensual sexual intercourse. Andrea also used alcohol, marijuana and methamphetamine, at least some of which was supplied by defendant. According to defendant, Andrea told him she was 18 years old. According to Andrea she told defendant that she was 16 years old. Defendant did not know she was 11 years old.

---

[1] All further statutory references are to the Penal Code.

2

DISCUSSION

Defendant's sole argument on appeal is that the trial court failed to state reasons, on the record, for ordering him to register as a sex offender as is required by section 290.006. Alternatively, defendant argues the trial court abused its discretion in ordering him to register. The People respond that defendant has forfeited his arguments because he failed to object at the time he was sentenced and in any event the error was harmless and was not, in itself, an abuse of discretion. We reverse.

Section 290.006 requires the court find the offense involved was committed as a result of sexual compulsion or for sexual gratification. This finding must be stated on the record along with the reasons for the finding. The separate statement of reasons gives the trial court discretion to weigh the reasons for and against registration in each particular case. (*People v. Hofsheier* (2006) 37 Cal.4th 1185, 1197, overruled on other grounds in *Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 888-889.)

The requirement defendant register as a sex offender is set forth in paragraph 6(c) of the sentencing order. At the time of sentencing, defendant argued, "condition [6c] is not required by statute in this case. [Six]c is not a statutory requirement. It's discretionary. And the facts are barren to -- to support a discretionary imposition of that condition." Defendant argues this objection was sufficient to alert the court of its requirement that reasons for the registration requirement be placed in the record. We agree.

The purpose for stating reasons on the record is not a mechanical requirement; it is meant to demonstrate the court has actually weighed the reasons for and against requiring

3

lifetime registration. On the record before us, we cannot discern this weighing process occurred. The court merely stated it was going to adopt the probation report's registration recommendation. Likewise the probation report recommends registration because "the offense was committed on the 11-year-old victim for purposes of sexual gratification." Although defendant had a serious juvenile record at the time of the instant offense, he did not have an offense involving improper or illegal sexual conduct. This is the first such offense. Neither the report nor probation report address the likelihood defendant will reoffend. Therefore we cannot evaluate whether an abuse of discretion exists in this case, or whether failure to state the reasons for registration on the record is harmless error.

The question of whether the objection lodged by defendant's counsel was sufficient to alert the court of its failure to comply with the statement of reasons requirement must be answered in the affirmative. Counsel's objection was clear. Although he did not state the magic words "the court must put its reasons on the record," he did state there were no reasons. We conclude that the court was obligated to respond when counsel stated there were no facts to support a lifetime registration. Lifetime registration as a sex offender, is a "grave and direct consequence." (*In re Birch* (1973) 10 Cal.3d 314, 322.) Particularly this is so for a youthful offender. Failure to comply with the legislative mandate is neither harmless nor lacking in prejudice. We decline to adopt a hyper-technical approach to preserving what section 290.006 makes mandatory.

4

DISPOSITION

We reverse and remand this case to the trial court with instructions to consider the reasons for requiring registration and to set forth those reasons on the record.


BENKE, Acting P. J.

WE CONCUR:


McDONALD, J.


AARON, J.